## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| ERIC SAMUEL TUCKER #01983465, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | A-25-CV-01307-DAE |
| | § | |
| DAVID SCHENCK, | § | |
| et al., | § | |
| DEFENDANTS. | § | |

## <u>ORDER</u>

Before the Court is Plaintiff Eric Samuel Tucker's complaint. The Court granted Plaintiff leave to proceed *in forma pauperis*. For the reasons discussed below, the Court dismisses Plaintiff's complaint.

## STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Stringfellow Unit of the Texas Department of Criminal Justice - Correctional Institutions Division. In 2015, Plaintiff was convicted in Harris County of aggravated assault of a family member with serious bodily injury. He was sentenced to 30 years in prison.

Plaintiff sues Texas Court of Criminal Appeals Judges because his 36th state application for habeas corpus relief was dismissed due to "abuse of writ." Plaintiff argues he satisfied the abuse of the writ requirement of actual innocence. He seeks $80,000 in punitive damages and $25,000 in nominal damages from each defendant, a declaratory judgment requiring the Texas Court of Criminal Appeals to declare that Plaintiff satisfies the actual innocence gateway, and an injunction requiring the Texas Court of Criminal Appeals to exonerate Plaintiff because he is actually innocent.

DISCUSSION AND ANALYSIS

1.    Legal Standard

When an inmate seeks redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.  *See Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998) (*per curiam*).  If a plaintiff is proceeding IFP, his complaint is also subject to screening under § 1915(e)(2).  Both statutes provide for *sua sponte* dismissal of a complaint—or any portion thereof—if the Court finds it frivolous or malicious, if it fails to state a claim upon which relief can be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact, i.e., when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless."  *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999)).  A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level.  *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  This standard requires more than the mere possibility that the defendant has acted unlawfully.  *Twombly*, 550 U.S. at 556.

All well–pleaded facts are taken as true, but the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.  *See Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).  Although "detailed factual allegations," are not required, "more than an unadorned, the–defendant–unlawfully–harmed–me accusation" is.  *Ashcroft v. Iqbal*,

2

556 U.S. 662, 678 (2009). "Labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id.* And although a court must construe a pro se's allegations liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), a plaintiff's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

    2.    <u>Section 1983</u>

Section 1983 provides a cause of action to individuals whose federal rights have been violated by those acting under color of state law. *Doe v. Dall. Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). Section 1983 is not itself a source of substantive rights; rather, it merely provides a method for vindicating federal rights conferred elsewhere. *See Albright v. Oliver*, 510 U.S. 266, 271 (1994). In order to state a claim under Section 1983, a plaintiff must (1) allege a violation of rights guaranteed by the United States Constitution or federal law, and (2) demonstrate the alleged deprivation was committed by a person acting under color of state law. *Doe*, 153 F.3d at 215.

    3.    <u>Jurisdiction</u>

Federal district courts are courts of limited jurisdiction and may only exercise such jurisdiction as is expressly conferred by the Constitution and federal statutes. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal court properly dismisses a case for lack of subject-matter jurisdiction when it lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998).

4.    Eleventh Amendment Immunity

Plaintiff's claims seeking monetary relief against the defendants in their official capacities are barred by Eleventh Amendment Immunity. Sovereign immunity under the Eleventh Amendment precludes suits by private citizens against states in federal court. *City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019). Sovereign immunity applies not only to actions in which a state itself is the named defendant, but also to actions against state agencies and instrumentalities. *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997). "[A] suit against an arm or instrumentality of the State is treated as one against the State itself." *Lewis v. Clarke*, 581 U.S. 155, 166 (2017). Similarly, lawsuits brought against employees in their official capacity "represent only another way of pleading an action against an entity of which an officer is an agent," and they also may be barred by sovereign immunity. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). This bar extends not only to the state itself, but also to claims against "state officials" in their official capacity when the state is the real party in interest. *Id.*

5.    Judicial Immunity

Plaintiff's claims for monetary damages against the defendants in their individual capacities are barred by judicial immunity. It is well settled law that a judge enjoys absolute immunity from liability for damages for judicial acts performed within his jurisdiction. *Hale v. Harney*, 786 F.2d 688, 690 (5th Cir. 1986). The doctrine of absolute judicial immunity protects judges not only from liability, but also from suit. *Mireless v. Waco*, 502 U.S. 9, 11 (1991). Motive of the judicial officer is irrelevant when considering absolute immunity. *See Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991) ("The judge is absolutely immune for all judicial acts not performed in clear absence of all jurisdiction, however erroneous the act and however evil the motive.").

4

Absolute judicial immunity is overcome in only two rather narrow sets of circumstances: first, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity, and second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction. *Mireless*, 502 U.S. at 11-12. "A judge's acts are judicial in nature if they are 'normally performed by a judge' and the parties affected 'dealt with the judge in his judicial capacity.'" *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994) (quoting *Mireless*, 502 U.S. at 12). In the case at bar, Plaintiff does not complain of any actions taken by the judges that were nonjudicial in nature nor does he show that they were acting in the clear absence of all jurisdiction.

6.    *Rooker-Feldman* Doctrine[1]

*Rooker-Feldman* precludes lower federal courts from exercising "appellate jurisdiction over final state-court judgments." *Miller v. Dunn*, 35 F.4th 1007, 1010 (5th Cir. 2022) (quotation omitted). Under the *Rooker-Feldman* doctrine, federal district courts lack subject matter jurisdiction to consider cases where: (1) the federal court plaintiff lost in state court; (2) the plaintiff's alleged injuries were caused by the state court judgment; (3) plaintiff's claims invite the federal court to review and reject the state court judgment; and (4) the state court judgment was rendered before plaintiff filed proceedings in federal district court. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005). "[I]n addition to the precise claims presented to the state court, *Rooker-Feldman* prohibits federal court review of claims that are 'inextricably intertwined' with a state court decision." *Burciaga v. Deutsche Bank Nat'l Trust Co.*, 871 F.3d 380, 384-85 (5th Cir. 2017) (citation omitted). The Fifth Circuit has previously held that "issues are 'inextricably

---

[1] *See D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923).

intertwined' when a plaintiff casts a complaint in the form of a civil rights action simply to circumvent the *Rooker-Feldman* rule." *Richard v. Hoechst Celanese Chem. Grp., Inc.*, 355 F.3d 345, 351 (5th Cir. 2003) (citing *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994)).

Plaintiff challenges the propriety of the state court's decision dismissing his 36th state application for writ of habeas corpus based on a previously issued "abuse of the writ" order. Because he has not shown that the state court's decision was void, the *Rooker-Feldman* doctrine bars review of his claims directed at that state decision. *See Norman v. U.S. Atty. Gen. for W. Dist. of Tex.*, No. 23-50360, 2024 WL 64769 (5th Cir. Jan. 5, 2024) (citing *United States v. Shepherd*, 23 F.3d 923, 925 & n.5 (5th Cir. 1994)).

7.    <u>Mandamus</u>

Plaintiff's request for an injunction against the defendants is construed as a request for mandamus relief. *Id.* at \*2 (holding district court appropriately construed request to stop defendants from violating federal criminal laws and to compel them to perform certain non-discretionary acts as seeking mandamus relief). "The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). Section 1361 provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Federal courts lack "the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." *Moye v. Clerk, Dekalb County Sup. Ct.*, 474 F.2d 1275, 1275–76 (5th Cir. 1973).

Defendants are not officers or employees of the United States or any federal agency. Consequently, this Court is without power to order them to take particular action with regard to Plaintiff's request. As such, Plaintiff's request for mandamus relief is frivolous. *See Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir. 1997) (affirming dismissal of petition for writ of mandamus as frivolous because federal courts lack power to mandamus state courts in the performance of their duties).

8.    *Heck* Bar

Finally, the Supreme Court in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) barred any § 1983 claim that effectively attacks the validity of a conviction or imprisonment until the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 487. Thus, the key inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction." *Id.*

Success on Plaintiff's actual-innocence claims necessarily calls into question the validity of his conviction. Plaintiff's conviction has not been reversed, expunged, invalidated, or called into question by a federal court's issuance of writ of habeas corpus. Thus, Plaintiff's claims are also barred by *Heck*.

<u>CONCLUSION</u>

Plaintiff's claims are barred by Eleventh Amendment immunity, judicial immunity, the *Rooker-Feldman* doctrine, and *Heck v. Humphrey*. In addition, his request for mandamus relief is frivolous because the defendants are not federal actors.

It is therefore **ORDERED** that Plaintiff's claims against the defendants in their official capacities are **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction pursuant to 28 U.S.C. § 1915(e).

It is further **ORDERED** that Plaintiff's claims against the defendants in their individual capacities are **DISMISSED WITH PREJUDICE** as frivolous pursuant to 28 U.S.C. § 1915(e).

**SIGNED** this the 6th day of October 2025**.**

_____
DAVID A. EZRA
SENIOR UNITED STATES DISTRICT JUDGE